Faye S. COWLEY (Germer), Plaintiff and Appellant,

v.

Kermit Adams COWLEY, Defendant and Respondent.

No. 14793.

Supreme Court of Utah.

May 20, 1977.

David B. Havas, Gale & Havas, Ogden, for plaintiff and appellant.

Richard Richards, Ogden, for defendant and respondent.

ELLETT, Chief Justice:

This is an appeal by Mrs. Cowley (hereafter referred to as Mrs. Germer) from a judgment in her favor because of a claimed insufficiency of the amount. The gist of

4. *Western Casualty & Sur. Co. v. Transamerica Ins. Co.*, 26 Utah 2d 50, 484 P.2d 1180.

this appeal involves the question of whether Mrs. Germer was permitted to live rent free in the home which she occupied at the time of the divorce between her and Mr. Cowley. The divorce decree dated March 24, 1964, provided inter alia:

> The defendant is ordered to pay to the plaintiff One Hundred Dollars ($100) per month for alimony if she is allowed to live in the home at 190 North Main in Layton, Utah, rent free. If she is not allowed to live in said home, rent free, then and in that event she is awarded the sum of One Hundred Seventy Five Dollars ($175) per month alimony.

During the marriage the parties had financial difficulties and to prevent creditors from getting at their only asset, the house, they deeded it to Mr. Cowley's mother who agreed to hold title for them and to pay the upkeep and expenses on it. The parties thereafter lived rent free in the house for about six years. This was the situation existing at the time of the divorce decree.

The appellant obtained an order on July 3, 1964, wherein the equity in the home, if any, was awarded to her. This order was made because Mr. Cowley was not paying the alimony as ordered.[1] Immediately after the order giving appellant the equity in the home, the mother of Mr. Cowley brought a suit to quiet title to the property since she held the legal title to it. The result of the trial was that appellant was given the home on condition that she repay all sums which Mrs. Cowley had advanced. The total amount which Mrs. Germer was required to pay, including amounts due Mrs. Cowley for advances during the past six years, for taxes, and for the mortgage, was Eleven Thousand Eight Hundred Dollars ($11,800). At the time, the home was worth about $14,000 according to the testimony given in the present matter.

Mrs. Germer arranged with a male friend of hers to give her the $11,800 cash; and to secure him, she gave a deed to the property. Thereafter, she paid rent at the rate of $118 per month for three and one-half years, after which time she married the man.

The trial court found "that plaintiff manipulated the provisions of the decree of divorce, as modified, and that said manipulation was a deliberate effort to prevent the 'rent-free' provision from taking effect." He therefore held that Mrs. Germer was only entitled to forty-eight months back alimony (while she was single) at $100 per month, less the $600 paid by Mr. Cowley.

We are unable to see how Mrs. Germer did any manipulation to prevent the rent-free provision in the home in which she had resided for some twenty-eight years. It appears that she had to pay Mrs. Cowley for debts incurred by the parties for six years prior to the divorce if she was to reside in the home rent free or otherwise.

The trial judge apparently assumed that inasmuch as Mrs. Germer married the man who furnished her with money to keep the home, she was manipulating the situation. Even if Mrs. Germer had possessed the sum of $11,800 herself and used it to pay Mrs. Cowley, she would not have lived "rent free" after she was forced to buy the place. There is a difference between living "rent free" in a house and having to buy it.

This court has held many times that we may make our own findings in an equity case when it appears that the trial judge ruled contrary to the testimony given before him.[2]

In this case it clearly appears that Mrs. Germer was not permitted to live rent free in the home; and, therefore, she is entitled to have her judgment based upon an alimony calculation of $175 per month.

The judgment is reversed and the matter remanded with directions to correct the amount of the judgment pursuant to the above decision. Costs are awarded to appellant.

CROCKETT, MAUGHAN, WILKINS and HALL, JJ., concur.

[1] According to Mrs. Germer, Mr. Cowley has only paid the sum of $600 to date of trial. According to him, he has paid $1,200.

[2] *Wiese v. Wiese,* 24 Utah 2d 236, 469 P.2d 504 (1970).